IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL ACTION NO. 5:10-CR-00025-KDB-DCK-1

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>WILLIAM JAMES MORRISON, III<br><br>**Defendant.** | **ORDER** |

**THIS MATTER** is before the Court on Defendant William James Morrison, III's *pro se* motion for compassionate release and reduction in sentence under 18 U.S.C. § 3582(c)(1), the First Step Act of 2018. (Doc. No. 109). This is now Defendant's fourth filing with this Court requesting compassionate release. (Doc. Nos. 100, 102, 104). The Government opposes the motion. Because Defendant has not met his burden to establish that a sentencing reduction is warranted under 18 U.S.C. § 3582(c), the Court will deny his motion.

## I. BACKGROUND

In 2011, a jury found Defendant guilty of one count of possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). At sentencing, Defendant was designated an armed career criminal and subject to a 15-year mandatory minimum sentence under 18 U.S.C. § 924(e). Based on a total offense level of 33, and a criminal history category of VI, Defendant's guidelines range was determined to be 235-293 months imprisonment. The Court imposed a sentence at the bottom of the guidelines range – 235 months. The Fourth Circuit affirmed his conviction and sentence on appeal.

Defendant is a 61-year-old male serving his prison sentence at FCI Edgefield in South Carolina. His current projected release date is April 30, 2036. As stated above, Defendant has moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A) three previous times, asking the Court for a reduction in his sentence. This Court has denied each previous motion without prejudice. (Doc. Nos. 101, 103, 107). Defendant bases his current motion again on the threat posed by the COVID-19 pandemic and states that he suffers from "Type II diabetes, prostate cancer, hepatitis and high blood pressure" which place him at a greater risk of death from COVID-19 complications. (Doc. No. 109, at 7). The Government responded to Defendant's current motion on June 7, 2021, opposing Defendant's request and asking the Court to deny his motion. (Doc. No. 111).

## II.  LEGAL STANDARD

By statute, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Nonetheless, Congress has provided a few exceptions to this general rule. One such exception is a motion for compassionate release. Before the passage of the First Step Act, district courts were only permitted to reduce a term of imprisonment on motions for compassionate release made by the Director of the Bureau of Prisons (BOP). Now, a court may entertain a motion filed by a defendant. The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, now provides in pertinent part:

> **(c) Modification of an imposed term of imprisonment.**—The Court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment

> (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction
>
> . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c). Upon exhaustion of his administrative remedies, "a defendant becomes *eligible* for relief only if the court finds that a reduction is both (1) warranted by 'extraordinary and compelling reasons' and (2) 'consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. High*, __ F.3d __, No. 20-7350, 2021 WL 1823289, at *3 (4th Cir. May 7, 2021).

However, there is currently no applicable policy statement governing compassionate release motions filed by defendants. *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020). "The only policy statement that could possibly be 'applicable'" is U.S.S.G. § 1B1.13, but that provision, "[b]y its plain terms, . . . does not apply to *defendant-filed* motions under § 3582(c)(1)(A)." *McCoy*, 981 F.3d at 282 (emphasis added). Section 1B1.13 applies only to BOP-filed motions. As a result, district courts may consider any extraordinary and compelling reason for release that a defendant might raise. *Id.* Still, the Fourth Circuit has recognized that Section 1B1.13 provides helpful guidance to courts in determining what constitutes "extraordinary and compelling reasons." *High*, __ F.3d at __, 2021 WL 1823289, at *3. With respect to medical conditions, Section 1B1.13 states that extraordinary and compelling reasons include when a "defendant is suffering from a terminal illness" or is "suffering from a serious physical or medical condition." U.S.S.G. 1B1.13 cmt. 1(A)(i), (ii).

Even if a court finds that a defendant has demonstrated extraordinary and compelling reasons, it is still not required to grant the defendant's motion for a sentence reduction. Rather, it must consider the § 3553(a) sentencing factors "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Those factors include "the nature and circumstances of the offense"; "the history and characteristics of the defendant"; "the need to avoid unwarranted sentence disparities"; and the need for the sentence to "provide just punishment," "afford adequate deterrence," "protect the public," and "provide the defendant with . . . training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a). A defendant seeking compassionate release has the burden of establishing that such relief is warranted. *See, e.g., United States v. Ebbers*, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020); *United States v. Heromin*, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019).

### III. DISCUSSION

*A. Exhaustion of Administrative Remedies*

A prisoner may bring a motion for compassionate release before the court only if he "has fully exhausted all administrative rights to appeal a failure" of the BOP to bring a motion on his behalf or if 30 days have passed since the warden received his request, "whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Courts are split over whether the exhaustion requirement is jurisdictional or is a "case processing" rule that can be waived. *Compare United States v. Brown*, No. CR 12-20066-37-KHV, 2020 WL 1935053, at *1 (D. Kan. Apr. 22, 2020) ("The requirement to exhaust administrative remedies or wait 30 days after the warden receives a request is jurisdictional.") *with United States v. Alam*, -- F.3d --, No. 20-1298, 2020 WL 2845694, at *2 (6th Cir. June 2, 2020) (holding the administrative exhaustion requirement is non-jurisdictional). The majority view is that the exhaustion requirement is a non-jurisdictional requirement that can be waived. *See, e.g.*,

*United States v. Smith*, No. 12 Cr. 133 (JFK), 2020 WL 1849748, at *2-3 (S.D.N.Y. Apr. 13, 2020) (collecting cases).

If the rule is not jurisdictional, then it can be waived, forfeited, or abandoned, and is otherwise subject to exceptions. *See United States v. Zekerman*, 16 Cr. 194 (AT), 2020 WL 1659880, at *3 (S.D.N.Y. Apr. 3, 2020); *United States v. Russo*, No. 16-cr-441 (LJL), 2020 WL 1862294, at *5 (S.D.N.Y. Apr. 14, 2020). Such an exception may include where the exhaustion requirement would be futile. *See, e.g.*, *Zukerman*, 2020 WL 1659880, at *3 (S.D.N.Y. Apr. 3, 2020); *United States v. Colvin*, No. 3:19cr179 (JBA), 2020 WL 1613943, at *2 (D. Conn. Apr. 2, 2020) ("[I]n light of the urgency of Defendant's request, the likelihood that she cannot exhaust her administrative appeals during her remaining eleven days of imprisonment, and the potential for serious health consequences, the [c]ourt waives the exhaustion requirement of Section 3582(c)(1)(A).").

Defendant's previous three motions for compassionate release were denied without prejudice to a renewed motion after exhaustion of his administrative remedies. (Doc. Nos. 101, 103, 107). The Government in its response noted that Defendant filed a request on April 1, 2020 and the warden denied it on May 19, 2020. (Doc. No. 111, Attach. 1). Because the warden did not respond within 30 days of the request, the matter is ripe for this Court to address. Accordingly, the Court will proceed to address the merits of Defendant's motion.

### B. *Extraordinary and Compelling Reasons*

Defendant asserts that his vulnerability to COVID-19 is an extraordinary and compelling reason for an immediate reduction in his sentence. Defendant's BOP medical records reflect that he has high blood pressure, Type 2 diabetes, hyperlipidemia, hepatitis C (treated in 2018), prostate cancer (treated in 2018) and fortunately recently recovered from COVID-19 as he was hospitalized from January 2, 2021 to March 24, 2021. (Doc. No. 112). At this time, all of these conditions

appear well-controlled with medication and follow-up medical visits provided by the institution. *Id.* Defendant is ambulatory with the use of a walker and engages in all normal activities of daily living. *Id.*

Consequently, Defendant has not meet his burden of establishing that his risk is extraordinary and compelling because he has already contracted the virus and beaten it. *See United States v. Logan*, 2020 WL 3960999, at *2 (W.D.N.C. July 13, 2020) (Reidinger, J.) ("The Defendant cannot meet his burden of establishing that his risk of contracting COVID-19 is an extraordinary and compelling reason for a sentence reduction when he has already contracted – and beaten – the virus."); *see also, e.g.*, *United States v. Jenkins*, 2021 WL 665854, at *4 (S.D. Ind. Feb. 19, 2021) (Barker, J.) ("To date, this Court has declined to find extraordinary and compelling circumstances warranting a sentence reduction when a defendant has recovered from COVID-19 – even when the defendant has risk factors for severe symptoms…. The fact that the BOP is now actively vaccinating inmates against COVID-19 … only underscores the speculative nature of any concern of reinfection."); *United States v. Marley*, 2020 WL 7798406, at *3 (S.D.N.Y. Dec. 30, 2020) (Caproni, J.) ("With the vaccine rollout underway in the United States, the Court anticipates that Mr. Marley will receive a vaccine well in advance of his becoming susceptible to reinfection."); *United States v. Thompson*, 2020 WL 7771141, at *3 (N.D. Ill. Dec. 30, 2020) (Bucklo, J.); *United States v. Palpallatoc,* 2020 WL 7647198. At *3 (W.D. Wash. Dec. 28, 2020) (Settle, J.); *United States v. McCallum,* 2020 WL 7647198, at *1(S.D.N.Y. Dec. 23, 2020) (Seibel, J.) ("Now that he has weathered the disease, a sentence reduction based on the risk of contracting it no longer makes sense.").

At FCI Edgefield, where Defendant is held, BOP has fully vaccinated 188 staff members and 863 inmates (which is 51% of the current inmate population). Additionally, there are no current

positive cases of COVID-19 among the inmates or staff at FCI Edgefield. To date, Defendant has not been offered a COVID-19 vaccine as he has just recovered but will soon be offered a vaccine.

Accordingly, the Court finds that Defendant has not shown that "extraordinary and compelling reasons" support his release.

C. *Section 3553(a) Factors*

At Defendant's sentencing, the Court considered each of the Section 3553(a) factors and determined that Defendant's conduct warranted a custodial sentence. In determining whether a reduced sentence is appropriate, the Court must again undertake such an analysis to determine that Defendant's sentence is "sufficient, but not greater than necessary," to achieve the goals of sentencing. 18 U.S.C. § 3553(a). The Section 3553(a) factors include: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence imposed"; (3) "the kinds of sentences available"; (4) the sentencing guidelines; (5) "any pertinent policy statement"; (6) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and (7) "the need to provide restitution to any victims of the offense." *Id.*

Defendant claims to have a limited and nonviolent disciplinary record during incarceration. Defendant also states that he has completed twenty-four courses during his time of incarceration and has maintained a work assignment. Although laudable, it does not outweigh the other Section 3553(a) factors and the danger he poses to society.

The Government argues that Defendant's motion for compassionate release should also be denied because he poses a danger to public safety. The Court agrees. Defendant is serving a federal prison sentence for possessing a firearm after being convicted of a felony. Additionally, as stated earlier, Defendant, at sentencing, was designated an armed career criminal due to his

numerous felonies. At the time he committed his offense, Defendant had previously been convicted of breaking and entering (four times), breaking, entering and larceny (four times), larceny after break/enter, possess stolen goods (four times), forgery of instrument (twenty-three times), uttering forged instrument (eight times), escape from state prison, assault on a female and several drug offenses. As this Court noted when Defendant was sentenced, his criminal history supports a need to protect the public and still does. On balance, the Section 3553(a) factors weigh against a sentence reduction in Defendant's case.

## IV.  ORDER

For these reasons, Defendant's *pro se* motion for compassionate release and reduction in sentence under 18 U.S.C. § 3582(c)(1)," (Doc. No. 109), is **DENIED**.

**SO ORDERED.**

Signed: June 10, 2021

Kenneth D. Bell
United States District Judge