IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL ACTION NO. 5:10-CR-00025-KDB-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| v. | ) **ORDER** |
| WILLIAM JAMES MORRISON III, | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on Defendant's Motion for the Court to exercise its "Residual Authority" under U.S.S.G § 5G1.3(b) to order that Defendant's federal sentence run concurrently with an allegedly later imposed state sentence. (Doc. No. 119). For the reasons discussed below, the Court will deny the Motion.

## I.  BACKGROUND

In 2011, a jury found Defendant guilty of one count of possession of a firearm after being convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). At sentencing, Defendant was designated an armed career criminal and subject to a 15-year mandatory minimum sentence under 18 U.S.C. § 924(e). Based on a total offense level of 33, and a criminal history category of VI, Defendant's guidelines range was found to be 235-293 months imprisonment. The Court imposed a sentence at the bottom of the guidelines range – 235 months. Furthermore, at the hearing there was no discussion about whether to run his federal sentence concurrent to his state sentence. The Fourth Circuit affirmed his conviction and sentence on appeal.

1

Before the imposition of his federal sentence by this Court,[1] the Defendant was sentenced to 101-131 months on a charge of obtaining property by false pretense. (*See* Doc. No. 74). The Defendant was remanded to state custody and remained there until October 17, 2019.

## II. DISCUSSION

Judges have long been understood to have discretion to select whether the sentences they impose will run concurrently or consecutively with other sentences that they impose, or that have been imposed in other proceedings, including state proceedings. *See Setser v. United States*, 566 U.S. 231, 236 (2012) (citing *Oregon v. Ice*, 555 U.S. 160, 168-169, 129 S. Ct. 711, 172 L. Ed. 2d 517 (2009)); *see also United States v. Lynn*, 912 F.3d 212, 216 (4th Cir. 2019). In making this determination, the sentencing court considers the 18 U.S.C. § 3553(a) factors. *See* 18 U.S.C. § 3584(b). Generally, "the court should also consider the relevant Guidelines recommendations and policy statements." *United States v. Simons*, 752 F. App'x 291, 296 (6th Cir. 2018) (citing *United States v. Berry*, 565 F.3d 332, 342 (6th Cir. 2009) (citing 18 U.S.C. § 3553(a)(4))).

The relevant Sentencing Guideline, U.S.S.G § 5G1.3, provides that in cases "involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." *Id.* at (d).

U.S.S.G § 5G1.3(b) advises that if "a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction…the sentence for the instant offense shall

---

[1] The Defendant's motion is premised on the allegation that he was sentenced by this Court *before* North Carolina sentenced him on the state charges. However, the Defendant's presentence report shows he was sentenced by the state on 7/21/2011. (Doc. No. 74 ¶ 56). This Court sentenced the Defendant on 4/3/2012. Thus, the entire assumption underlying the Defendant's motion is mistaken. That said, consistent with the requirement to construe *pro se* filings liberally, the Court will treat the Motion as simply a request to retroactively order the sentences to run concurrently.

be imposed as follows… (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment." Similarly, if an anticipated term of imprisonment resulted from relevant conduct "the sentence for the instant offense shall be imposed to run concurrently." *Id.* at (c). The common thread between these two provisions is that the state offense must be relevant conduct to the federal offense. Here, no such connection exists.

As noted above, the Defendant was convicted of one count of possession of a firearm after being convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). The state conviction was for obtaining property by false pretense. (*See* Doc. No. 74). As a result, there is no credible argument that the state offense constitutes relevant conduct. Thus, the Defendant's sentence may run "concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment." *See* U.S.S.G § 5G1.3(d).

In sum, the Defendant failed to request that the Court run his federal sentence concurrently at the proper time, the state sentence does not constitute relevant conduct, and the Sentencing Guidelines expressly permit his federal sentence to run consecutively to the state sentence. The Court therefore declines to exercise its discretion to retroactively order that the sentences run concurrently and that the Defendant receive credit for his time in state custody. Accordingly, the Court will deny the Defendant's Motion.

**SO ORDERED.**

Signed: August 24, 2022

Kenneth D. Bell
United States District Judge

3